**Order entered November 10, 2015**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01355-CR

**L.D. MILLER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F11-27250-Y**

## ORDER

This appeal has been pending since October 22, 2014. The reporter's record was originally due in this appeal on December 7, 2014. The Court has previously abated the appeal for findings regarding the reporter's record and granted appellant an extension of time to file his brief. The Court now has before it appellant's second motion to extend time to file his brief, again complaining that the record is incomplete in this appeal. Specifically, appellant complains that court reporter Sharina Fowler may or may not have recorded hearings in the case.

In light of appellant's new complaint about the completeness of the record, we **ORDER** the trial court to make findings regarding the following.

- The date of every pretrial, trial, and post-trial proceeding conducted in this case. The findings shall be specific as to date and type of hearing.

- Whether each hearing was recorded. The trial court shall specifically find by date of hearing whether it was recorded or not recorded.

- As to any hearing that the court finds was recorded, the trial court shall make a finding as to the name of the court reporter and contact who recorded the hearing.

- The trial court shall next make a finding as to whether the record of each recorded hearing has been filed.

- As to any hearing that was recorded, but the record has not yet been filed, the trial court shall make a finding as to whether the notes are available and can be transcribed, and the date by which the record will be filed.

- If the trial court finds that the notes of a specific hearing are not available or cannot be transcribed, the trial court shall make findings regarding whether: (1) appellant timely requested that record; (2) appellant is at fault for the loss or destruction of the notes; and (3) the parties can agree on a substituted record.

- As to any hearing the trial court finds was not recorded, the trial court shall determine whether the record reflects any waiver of a court reporter for the hearing.

We **ORDER** the trial court to transmit a record containing the written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order. Because of the ongoing issues regarding the record in this appeal, the trial court's findings are to be detailed by date, hearing, and court reporter. Additionally, the filing of a portion of the reporter's record by any court reporter will not satisfy the requirements of this order. This order will remain in effect until the Court has received the trial court's complete findings.

We **DIRECT** the Clerk to send copies of this order to the Honorable Elizabeth Frizell, Presiding Judge, Criminal District Court No. 7, and to counsel for all parties.

We **ABATE** the appeal to allow the trial court to comply with this order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received.

/s/     ADA BROWN
          JUSTICE